IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAREN RALEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:11-CV-79-TFM |
| | ) [wo] |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant's *Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Her Administrative Remedies* (Doc. 12, filed May 9, 2011) and Plaintiff's responses (Doc. 14, filed May 16, 2011; Doc. 15, filed May 18, 2011).  After due consideration of the Motion to Dismiss, Plaintiff's responses, and the applicable law, the Court finds it is due to be GRANTED.

### I.  BACKGROUND AND MOTION TO DISMISS

Plaintiff Karen Raley ("Plaintiff" or "Raley") originally applied for disability insurance benefits on June 7, 2006, pursuant to Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*.  The Administrative Law Judge (ALJ) denied Raley's application on January 15, 2008, and she appealed that decision to the Appeals Council which denied review on January 9, 2009.  *See Raley v. Astrue*, Civ. Act. No. 2:09-cv-154 (M.D. Ala. 2009), Doc. 16, at 4-10.  Raley appealed the Commissioner

of Social Security's ("Commissioner") unfavorable decision to this Court on February 26, 2009.  *Id.* at Doc. 1.  On April 27, 2010, this Court remanded her case for further administrative proceedings based on "the Court's finding that work as either a receptionist or cashier requires primarily working with one's fingers, and the inapplicability of the medical-vocational guidelines in this case the Court remands this case to the ALJ to fully develop the record to demonstrate the occupations Raley can still perform do not require her to 'work with the fingers primarily.'"  *Id.*at Doc. 18, at 9-10.  On May 19, 2010, the Appeals Council remanded the case back to an ALJ for a rehearing.  After the rehearing, the ALJ issued an unfavorable decision on October 25, 2010, to which the Plaintiff requested a review by the Appeals Council on November 4, 2010.  The second request for review by the Appeals Council remains pending.  See Doc. 15, at 2.

Raley filed this federal suit on February 2, 2011.  Doc. 1.  Her complaint does not mention or refer to the filing of the request for Appeals Council review, but Raley stated that she "has exhausted her administrative remedies" in her complaint.  Doc. 1, at 2.  The Commissioner filed his *Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust her Administrative Remedies* on May 9, 2011.  Doc. 12.  In the motion, the Commissioner argues that by not receiving a "final decision" from the Appeals Counsel that the Plaintiff did not exhaust her administrative remedies before filing the present suit which deprives the Court of jurisdiction.  Further, the Commissioner argues Raley has not alleged or qualified for any permissible waiver of the exhaustion requirement.  Doc. 12. at 2-7.  Raley filed her first response to government's motion on May 16, 2011. Doc. 14.  The

initial response is essentially a timeline of the administrative and judicial process of her case since the original filing.  However, the final paragraph contains substantive arguments.  Doc. 14, at 3-4.  The second response is entitled *Answer* and essentially contains the same, but expanded, arguments in Raley's initial response.  Doc. 15.

Raley's responses to the motion to dismiss indicate that her appeal to this Court was filed in an attempt to comply with the language in the decision by the ALJ dated October 25, 2010.  Doc. 15.  Raley notes that she did not file for any extensions as she is trying to expedite this process.  *Id*. at 1.  Raley was allegedly given a time period in which to expect a final decision and states "[t]his will be about (Dec. 19, 2010)."  *Id*.  However, Raley does not dispute that the Appeals Council has not yet rendered an opinion or refused to hear the case.  *Id*.  Rather she argues it is unnecessarily "trying to stretch the time frame."  Doc. 14. at 3.  Raley also argues she does not have to wait on another council ruling.  *Id.* at 4.  While the Court recognizes that the administrative process can take an extended period of time the Court cannot bypass a necessary step in the process.

## II.  DISCUSSION

It is well settled that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  42 U.S.C. § 405(g) allows this Court to review adverse administrative decisions by the Commissioner.  It provides:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil

> action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). The succeeding statutory provision, § 405(h), provides "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." This provision reinforces Congressional intent that § 405(g) is the "exclusive grant of jurisdiction with respect to federal court claims challenging the Secretary's administrative actions on disability claims." *Stone v. Heckler*, 778 F.2d 645, 647 n.4 (11th Cir. 1985). Finally, "the United States, as sovereign, 'is immune from suit, save as it consents to be sued … and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368 (1990) (quoting *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, (1976).

Although the Act does not define "final decision," the Commissioner has exercised his administrative authority to give meaning to the term through regulations, as authorized by the Act. *See* 42 U.S.C. § 405(a) ("The Commissioner of Social Security shall have full power and authority to make rules and regulations . . . which are necessary or appropriate."). Social Security regulations provide that, if the Appeals Council grants review of a claim, then the decision by the Council becomes the Commissioner's final decision. If, on the other hand, the Council denies the request for review, the ALJ's adverse decision becomes the final decision. *See* 20 C.F.R. §§ 404.900(a)(4-5), 404.955, 404.981, 422.210(a); *see also Waters v. Massanari,* 184 F.Supp.2d 1333, 1337-38 (N.D. Ga. 2001) (defining the decision by Council or denial by Council is the final decision).

Raley's responses to the motion indicate that she requested a second review from the Appeals Council after the ALJ's rehearing and adverse decision of November 4, 2010. Doc. 14, at 2. Regulations at 20 C.F.R. § 404.981 give the Appeals Council discretion to "deny a party's request for review or . . . decide to review a case and make a decision." Further, this provision specifies that the "Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court" within 60 days of receiving notice of the Appeals Council's action. As of May 9, 2011, and, to the best of this Court's knowledge, the date of this opinion the Appeals Council still has not acted on the request for review. As Raley's November 4, 2010 request to the Appeals Council remains pending, and pursuant to the regulatory scheme, there is not yet a final decision by the Commissioner.

Raley's response argues her Complaint was filed pursuant to her belief that the time period in which to file had already elapsed or was about to elapse. Doc. 14, at 3-4. In *Raley v. Astrue*, Civ. Act No. 2:09-cv-154 (M.D. Ala. 2009), the *Notice of Decision-Unfavorable* was issued by the ALJ on January 15, 2008, and indicated that Raley had 60 days from the date that she received the notification to file with the Appeals Council. *Id*., Doc. 16, at 10. On January 9, 2009, Raley then received *Notice of Appeals Council Action* wherein Raley was informed that she had another 60 days in which to file an appeal to the Federal District Court. *Id*., Doc. 16, at 4. The *Notice of Appeals Council Action* also stated that "[t]his means that the Administrative Law Judge's decision is the

*final decision* of the Commissioner of Social Security in your case." *Id.* (emphasis added).

Raley's complaint states that she had exhausted all administrative remedies. Doc. 1, at 2. Raley states "[n]owhere in my paperwork did it say it was talking about the appeal council's answer and not the decision of the ALJ." Doc. 15, at 1. However, regardless of any confusion, Raley cannot show administrative exhaustion by mere passage of time. The regulations dictate when a "final decision" is rendered for purposes of judicial review, and the alternative events which trigger finality, *i.e.*, Appeals Council decision or rejection, have not occurred.

Raley now acknowledges the underlying action remains pending before the Appeals Council, that they informed her that they would notify her of their decision and that "[she] never received that letter either." Doc. 15, at 1. Raley's request for administrative review precludes judicial review until the Appeals Council exercises its options to either grant and complete a review of the ALJ decision, or to let the ALJ decision stand as the Commissioner's "final decision." Therefore, this language did not authorize judicial review of the ALJ decision of October 25, 2010.

The Commissioner notes that it is possible for a waiver of the requirement to exhaust all administrative remedies. Doc. 12. at 7-8. Citing to *Heckler v. Ringer*, the Commissioner states that in cases wherein the plaintiff raises a challenge wholly collateral to the claim for benefits and makes a colorable showing that the injury could not be remedied by the retroactive payment of benefits, the plaintiff may qualify for a waiver from the requirement to exhaust all administrative remedies. Doc. 12. at 7.

(citing *Heckler v. Ringer*, 466 U.S. 602, 618 (1984)). Raley does not address the issue of waiver nor does it appear that she would qualify based on the information presented by both parties in that the circumstances here do not meet the requirements.

## CONCLUSION

Having found that there is no "final decision" of the Commissioner appropriate for judicial review pursuant to 42 U.S.C. § 405(g), this Court lacks jurisdiction to review the Plaintiff's claims for benefits. Accordingly, it is the ORDER, JUDGMENT, and DECREE of this Court that Defendant's Motion to Dismiss (Doc. 12) is GRANTED, and that this case is DISMISSED without prejudice.

DONE this 6th day of June, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE